**Exhibit B**

**Jay Cowart Declaration**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT NEW YORK**

| | |
|---|---|
| In re:<br><br>BROADBRIDGE LA LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 8-22-72048-las |

**DECLARATION OF JAY COWART IN SUPPORT OF**
**MOTION TO DISMISS CHAPTER 11 CASE**

I, Jay Cowart, declare as follows:

1. I am an asset manager with Starwood Property Trust, Inc. and am authorized to act on behalf of Museum Building Holdings, LLC ("Secured Creditor"). I am authorized to, and hereby do, make this declaration in support of Secured Creditor's Motion to Dismiss Chapter 11 Case ("Motion to Dismiss").[1]

2. I have personally worked on and supervised work relating to Secured Creditor's rights and interests in its secured loan to Broadbridge LA LLC ("Debtor"), a Delaware limited liability company. The factual recitations concerning the subject Loan, including but not limited to the Notes, the Loan Agreement, the Standstill Agreement, and the Deed of Trust (each as defined below) securing Secured Creditor's interest in the Loan, are accurately stated in the Motion to Dismiss.

3. As to the facts in this declaration, I know them to be true of my own knowledge and from my review of the business records of Secured Creditor concerning the Loan Documents (as defined below) executed by the Debtor and through employees under my

---

[1] Any capitalized terms used but not defined in this declaration shall have the meaning given to them in the Loan Documents (as defined herein), which include the Standstill Agreement (as defined herein).

supervision who act at my direction. All such business records were created and/or maintained in the course of Secured Creditor's business and in accordance with normal business practices. If called upon to testify as to the matters set forth in this declaration, I could and would competently testify thereto, since the facts set forth herein are known to me to be true. As to those matters stated herein on information and belief, I believe them to be true.

4. The real property securing the Loan is commonly known as "The Museum Building" and located at 826 and 832 South Hill Street and 801 South Broadway, City and County of Los Angeles, California, as more particularly described in the Deed of Trust (the "Property"). The Property is a 1.1 million square foot vacant building in the historic district of downtown Los Angeles that spans an entire city block and, on information and belief, remains subject to a redevelopment plan that would create a mixed-use property containing retail, hospitality, and office property.

5. Secured Creditor is the successor-in-interest to, assignee of, and holder of all rights, title, and interest in and under the Notes, Deed of Trust, and all other related loan documents, which are detailed below and referenced in the Motion to Dismiss. The term "Secured Creditor," when used herein, may refer collectively to the Secured Creditor and its predecessors-in-interest concerning the Loan Documents.

6. On June 8, 2018, the Debtor executed and delivered to SPT CA Fundings 2, LLC ("Original Lender") two promissory notes in the principal amounts of $173,675,733.00 for Promissory Note A-1 ("Note A-1") and $40,025,421.00 for Promissory Note A-2 ("Note A-2"), each evidencing the indebtedness of the Debtor to Original Lender ("Debt"), bearing interest, and secured by, *inter alia*, the Property. On December 9, 2019, the Debtor executed an Amended and Restated Promissory Note A-2 in the principal amount of $45,025,421.00 ("Amended Note A-2,"

and together with Note A-1, "Notes"), which replaced Note A-2 and increased the Debt by $5,000,000.00 to a total of $218,701,154.00. True and correct copies of the Notes, together with all associated allonges, are attached hereto as **Exhibit 1**.

7. On June 11, 2018, First American Title Insurance Company ("Title Company") caused to be recorded in the Official Records, County of Los Angeles, California ("Official Records"), as Document No. 20180574046, a certain document titled "Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing" dated June 8, 2018, executed by the Debtor in favor of Title Company, as trustee for the benefit of Original Lender, as administrative agent for the Lenders[2] ("Original Deed of Trust"). A true and correct copy of the Original Deed of Trust is attached hereto as **Exhibit 2**.

8. On December 10, 2019, Title Company caused to be recorded in the Official Records, as Document No. 20191365605, a certain document titled "First Amendment to Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, and Assignment of Leases and Rents" dated December 9, 2019, executed by the Debtor; Title Company, as trustee; and Starwood Property Mortgage Sub-14-A, L.L.C. ("Assignee No. 2"), as administrative agent for the Lenders ("First Amendment to Deed of Trust," and the Original Deed of Trust as amended by the First Amendment to Deed of Trust, "Deed of Trust"). A true and correct copy of the First Amendment to Deed of Trust is attached hereto as **Exhibit 3**.

9. The Loan (as defined herein) is further evidenced by that certain Mortgage Loan and Security Agreement dated June 8, 2018, executed by the Debtor, the Original Lender, and the Original Lender, as administrative agent for the Lenders ("Original Loan Agreement"), as amended by a First Amendment to Mortgage Loan and Security Agreement, Amendment to Loan

---

[2] As used herein, the terms "Lender" or "Lenders" may refer to Secured Creditor or its predecessors in interest.

Documents and Reaffirmation of Guarantees and Environmental Indemnity dated July 16, 2018 ("First Amendment to Original Loan Agreement"), and a Second Amendment to Mortgage Loan and Security Agreement, Amendment to Loan Documents and Reaffirmation of Guarantees and Environmental Indemnity dated December 9, 2019 ("Second Amendment to Original Loan Agreement," and the Original Loan Agreement as amended by the First Amendment to Original Loan Agreement and the Second Amendment to Original Loan Agreement, "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 4**.

10. On June 11, 2018, Title Company caused to be recorded in the Official Records, as Document No. 20180574047, a document titled "Assignment of Leases and Rents" dated June 8, 2018, executed by the Debtor in favor of Original Lender, as administrative agent for the Lenders ("Assignment of Rents"). A true and correct copy of the Assignment of Rents is attached hereto as **Exhibit 5**.

11. Through a series of assignments and allonges by and between the Original Lender and a series of subsequent entities, Secured Creditor is the current beneficiary under the Deed of Trust, the holder and payee of the Notes, and the assignee of the other Loan Documents. True and correct copies of all recorded assignments are attached hereto as follows:

| Exhibit No. | Description |
|---|---|
| 6 | Assignment of Interest Under Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing and Assignment of Leases and Rents from Original Lender to Starwood Property Mortgage Sub-10-A, L.L.C. ("Assignee No. 1"), recorded on September 17, 2018, in the Official Records as Document No. 20180949884 |
| 7 | Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing from Assignee No. 1 to Assignee No. 2, recorded on October 3, 2018, in the Official Records as Document No. 20181010777 |
| 8 | Assignment of Assignment of Leases and Rents from Assignee No. 1 to Assignee No. 2, recorded on October 3, 2018, in the Official Records as Document No. 20181010778 |

| Exhibit No. | Description |
|---|---|
| 9 | <u>Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing</u> from Assignee No. 2 to Secured Creditor, recorded on January 14, 2021, in the Official Records as Document No. 20210074318 |
| 10 | <u>Assignment of Assignment of Leases and Rents</u> from Assignee No. 2 to Secured Creditor, recorded on January 14, 2021, in the Official Records as Document No. 20210074319 |

12. The Deed of Trust also serves as a security agreement and fixture filing pursuant to the Uniform Commercial Code with respect to certain personal property located on and/or related to the Property ("Additional Collateral"). Through a series of assignments and amendments, Secured Creditor is now the secured party with respect to the Additional Collateral.

13. The Notes, Deed of Trust, Loan Agreement, Assignment of Rents, the assignments referenced above, the Standstill Agreement, and any and all other agreements or instruments related to Loan shall be referred to collectively as the "Loan Documents."

14. The loan to the Debtor under the Loan Documents shall be referred to, collectively, as the "Loan."

15. I am informed and believe, and thereon declare that Secured Creditor has performed all conditions, covenants, and obligations on its part to be performed under the terms of the Loan Documents.

### Borrower's Defaults and the Standstill Agreement

16. By the terms of the Loan Documents, the Debtor promised and agreed, *inter alia*, to pay the full principal of the Loan on the maturity date of June 9, 2020. An Event of Default occurred when the Debtor failed to do so ("Maturity Event of Default").

17. The Debtor, Assignee No. 2 (Secured Creditor's predecessor-in-interest), Joel Schreiber, and Jack Jangana executed a Standstill Agreement dated August 7, 2020, effective as

June 9, 2020 ("Original Standstill Agreement"). A true and correct copy of the Original Standstill Agreement is attached hereto as **Exhibit 11**.

18. The Debtor, Secured Creditor, Schreiber, and Jangana executed a First Amendment to Standstill Agreement dated April 9, 2021, effective as of March 9, 2021 ("First Amendment to Standstill Agreement"). A true and correct copy of the First Amendment to Standstill Agreement is attached to as **Exhibit 12**.

19. The Debtor, Secured Creditor, Schreiber, and Jangana executed a Second Amendment to Standstill Agreement dated September 14, 2021, effective as of August 9, 2021 ("Second Amendment to Standstill Agreement"). A true and correct copy of the Second Amendment to Standstill Agreement is attached hereto as **Exhibit 13**.

20. The Debtor, Secured Creditor, Schreiber, and Jangana executed a Third Amendment to Standstill Agreement dated October 22, 2021, effective as of October 22, 2021 ("Third Amendment to Standstill Agreement"). A true and correct copy of the Third Amendment to Standstill Agreement is attached hereto as **Exhibit 14**.

21. The Standstill Agreement, the First Amendment to Standstill Agreement, the Second Amendment to Standstill Agreement, and the Third Amendment to Standstill Agreement are collectively referred to as the "Standstill Agreement."

22. In the Standstill Agreement, Borrower agreed, among other things, that the Standstill Agreement constitutes a Loan Document.

23. In the Standstill Agreement, Borrower also agreed that the Maturity Event of Default constituted an Event of Default, and Secured Creditor agreed to forbear from exercising its rights and remedies under the Loan Documents so long as no Termination Event (as defined in the Standstill Agreement) occurred.

24. Multiple Termination Events have occurred and are continuing under the Standstill Agreement due to the Debtor's failure to pay (1) the Deferred Second Extended Standstill Period Payments, together with all interest accrued thereon at the Second Extended Standstill Period Interest Rate, by the Deferred Payment Date (*i.e.*, November 1, 2021), (2) the Second Extended Standstill Period Payment due on the November 2021 Payment Date (*i.e.*, November 9, 2021), (3) the Second Extended Standstill Period Payment due on the December 2021 Payment Date (*i.e.*, December 9, 2021), (4) Property taxes that were due and payable to Los Angeles County by November 1, 2021, and (5) the Debt in full on the last day of Second Extended Standstill Period (*i.e.*, December 31, 2021).

25. On March 3, 2022, Secured Creditor sent to the Debtor a letter providing notice of the occurrence of such Termination Events ("Notice of Termination Events"). A true and correct copy of the Notice of Termination Events is attached hereto as **Exhibit 15**.

26. In addition to the Maturity Event of Default and Termination Events referenced above, further Events of Default and Termination Events have occurred and are continuing due to, *inter alia*, the Debtor's failure to (i) pay Property taxes that were due and payable to Los Angeles County by April 10, 2022 and (ii) maintain insurance. As a result of the Debtor's failures, Secured Creditor advanced amounts under the Loan Documents to pay the Property taxes to avoid additional penalties and fees that would have resulted from non-payment, as well as to force-place insurance and pay the accompanying insurance premiums to ensure that the Property would be insured.

27. On April 5, 2022, Secured Creditor sent to the Debtor a letter providing notice that Secured Creditor had advanced funds under the Loan Documents to satisfy outstanding Property taxes in the combined total amount of $1,861,141.75 by direct payment to the Los Angeles County

Treasurer and Tax Collector ("Tax Advance Notice"). A true and correct copy of the Tax Advance Notice is attached hereto as **Exhibit 16**.

28. On April 12, 2022, the Debtor's former insurance broker advised Secured Creditor by email "that the insured has not made the last payment, and asked us to collect the premium from [Secured Creditor]" ("Insurance Funding Email"). On April 20, 2022, the broker further advised Secured Creditor by email "that the policies are canceled since the insured is not making payment" ("Insurance Cancellation Email"). True and correct copies of the Insurance Funding Email and the Insurance Cancellation Email are attached hereto as **Exhibit 17**.

29. On May 2, 2022, Secured Creditor sent to the Debtor a letter providing notice that Secured Creditor had exercised its right under the Loan Documents to obtain force-placed insurance coverage in light of the cancellation of the Debtor's previous insurance policies ("FPI Notice"). A true and correct copy of the FPI Notice is attached hereto as **Exhibit 18**. The aggregate insurance premiums for this replacement insurance coverage cost $838,706, which Secured Creditor paid for through yet another advance under the Loan Documents.

### Commencement of Non-Judicial Foreclosure Proceedings and Appointment of State Court Receiver

30. As a result of the continuing Termination Events and Events of Default, on April 5, 2022, Title Company caused to be recorded in the Official Records, as Document No. 20220373096, a document titled "Notice of Default and Election to Sell Under the Deed of Trust" ("Notice of Default") to begin the non-judicial foreclosure process with respect to the Property. A true and correct copy of the Notice of Default is attached hereto as **Exhibit 19**.

31. On May 26, 2022, Secured Creditor commenced an action titled in *Museum Building Holdings, LLC v. Broadbridge LA, LLC* at Case No. 22STCV17409 ("Receivership Action") in the Superior Court of California, County of Los Angeles ("State Court") and applied

for the appointment of a receiver to take possession of and administer the Property ("Receivership Application"). A true and correct copy of the Receivership Application is attached hereto as **Exhibit 20**.

32. On June 8, 2022, the State Court entered an order ("Receivership Order") in the Receivership Action appointing Kevin Singer ("Receiver") as receiver to take possession and control of the Property and related personal property. A true and correct copy of the Receivership Application is attached hereto as **Exhibit 21**. On June 30, 2022, the State Court confirmed the Receivership Order.

33. I am informed and believe that since his appointment, the Receiver has administered the Property in accordance with the terms of the Receivership Order.

34. On July 7, 2022, Title Company caused to be recorded in the Official Records, as Document No. 20220700127, a document titled "Notice of Trustee's Sale; Unified Sale" ("Notice of Sale"), providing that the Property would be sold at public auction set for August 3, 2022 at 11:00 a.m. PT. A true and correct copy of the Notice of Sale is attached hereto as **Exhibit 22**. Secured Creditor adjourned the auction to August 9, 2022 at 11:00 a.m. PT.

35. On August 9, 2022 at 10:11 a.m. PT, Schreiber caused the Debtor to commence the Chapter 11 Case. The auction, now stayed under 11 U.S.C. § 362, is currently adjourned to August 29, 2022.

### Amounts Due Under the Loan Documents

36. As of August 9, 2022, the outstanding principal balance (inclusive of protective advances) of Note A-1 is $176,655,577.48 and of Amended Note A-2 is $45,797,945.48, for a total combined outstanding amount of $222,453,522.96.

37. Additional amounts are due and owing and continue to be due and owing under the Loan Documents for, inter alia, non-default rate interest; default interest; and legal, administrative, and other fees and costs.

38. These additional amounts, together with the aggregate outstanding principal balance of the Notes, bring the total amount of Secured Creditor's claim against Debtor to no less than $271,557,168.37 as of August 9, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of August, 2022, at  Atlanta, GA .

*/s/ Jay Cowart*
JAY COWART