# Exhibit 22

**This page is part of your document - DO NOT DISCARD**



# 20220700127



**Pages:**
**0010**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/07/22 AT 08:00AM**

|  |  |
|---|---|
| FEES: | 53.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 128.00 |



**L E A D S H E E T**



**202207070260016**

**00022532924**



**013523937**

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**    **TS 1016229**

*E666266*

**FOR REFERENCE ONLY: 20220700127**

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

First American Title Insurance Company
4380 La Jolla Village Drive
Suite 110
San Diego, CA 92122

Space above this line for recorder's use only

Trustee Sale No. 1016229   Loan No.   Title Order No.
APN : See Exhibit "A"

# NOTICE OF TRUSTEE'S SALE
# UNIFIED SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 06/08/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On 08/03/2022 at 11:00AM, First American Title Insurance Company as the duly appointed Trustee under and pursuant to that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated June 18, 2018 executed by Broadbridge LA, LLC, a Delaware limited liability company, as trustor ("Trustor") in favor of SPT CA Fundings 2, LLC, as agent for Lenders (as defined in the Deed of Trust (as defined below)), as beneficiary ("Original Beneficiary"), recorded on June 11, 2018 as Document Number 2018-0574046 of official records in the Office of the Recorder of Los Angeles County, California ("Original Deed of Trust"), as amended by that certain First Amendment to Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated December 9, 2019 between Trustor and Starwood Property Mortgage Sub-14-A, L.L.C., as successor agent to Original Beneficiary, as beneficiary ("Interim Beneficiary"), and recorded on December 10, 2019, as Document Number 2019-1365605 (Original Deed of Trust, together with the First Amendment and any further modifications thereto are collectively referred to herein from time to time as the "Deed of Trust"), WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state). At: Behind the fountain located in Civic Center Plaza, 400 Civic Center Plaza, Pomona CA, all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in Los Angeles County, California describing the real and personal property therein:

See Exhibit "A" attached hereto and incorporated by reference herein for the real property; and

See Exhibit "B" attached hereto and incorporated by reference herein for the personal property.

The property heretofore described is being sold "as is". The street address and other common designation, if any, of the real property described above is purported to be: 801 S. Broadway, Los Angeles, CA 90014.

Museum Building Holdings, LLC has succeeded Interim Beneficiary and is the current beneficiary under the Deed of Trust.

Trustee Sale No. 1016229
Loan No.
Title Order No.
APN

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit: $271,113,322.49 (Estimated).

Accrued interest and additional advances, if any, will increase this figure prior to sale.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may visit the website below using the file number assigned to this case. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Trustee Sale No. 1016229
Loan No.
Title Order No.
APN

NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call (858) 410-2154, or visit this internet website [see link below], using the file number assigned to this case [TS 1016229] to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

For information on sale dates please visit our website at:

http://www.firstam.com/title/commercial/foreclosure/

DATE: 7/6/22

First American Title Insurance Company
4380 La Jolla Village Drive
Suite 110
San Diego, CA 92122
(858) 410-2158

_____
David Z. Bark, Foreclosure Trustee

3

# Exhibit "A"

REAL PROPERTY IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOW:

PARCEL 1:

LOT "C" AS SHOWN ON MAP OF A RE-SUBDIVISION OF A PORTION OF BLOCK 52, OF HUBER TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12 PAGE 1 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION OF SAID LOT "C" INCLUDED WITHIN THE BOUNDARIES DESCRIBED AS FOLLOWS:

THAT PORTION OF BLOCK 52, OF THE HUBER TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGE 280 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF HILL STREET, 92 FEET WIDE, DISTANT THEREON SOUTH 37° 42' WEST 177.25 FEET FROM THE SOUTHWESTERLY LINE OF EIGHTH STREET, 70 FEET WIDE, AS LOCATED BY THE CITY ENGINEER OF SAID CITY; THENCE ALONG HILL STREET SOUTH 37° 42' WEST 59.33 FEET TO THE NORTHEASTERLY LINE OF THE LAND DESCRIBED IN THE DEED TO KATE VAN NUYS PAGE, RECORDED ON SEPTEMBER 17, 1923 AS INSTRUMENT NO. 943, IN BOOK 2396 PAGE 242 OFFICIAL RECORDS OF SAID COUNTY; THENCE ALONG SAID NORTHEASTERLY LINE SOUTH 52° 11' 20" EAST 160.70 FEET; THENCE NORTH 37° 56' EAST 59.38 FEET TO A LINE HAVING A BEARING OF NORTH 52° 12' 30" WEST WHICH PASSES THROUGH THE POINT OF BEGINNING; THENCE ALONG SAID LINE NORTH 52° 12' 30" WEST 160.94 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT "C" INCLUDED WITHIN THE PORTION OF THE SOUTHEASTERLY 6.00 FEET OF HILL STREET 92.00 FEET WIDE WHICH LIES NORTHWESTERLY OF AND ADJOINING THE LAND ABOVE EXCEPTED.

PARCEL 1A:

LOT 20 IN BLOCK 52, OF HUBER TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGE 280 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

LOT "B" OF TRACT 2698, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 29 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2A:

THAT PORTION OF LOUISA KALISHER'S HILL STREET LOT, AS PER MAP RECORDED IN BOOK 8 PAGE 34, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, PARTICULARLY DESCRIBED AS FOLLOWS:

A STRIP OF LAND LYING ADJACENT TO THE NORTHERLY LINE OF LOT "B" OF TRACT 2698 ABOVE DESCRIBED, AND HAVING A FRONTAGE OF 15 9/16 INCHES ALONG THE EASTERLY LINE OF HILL

STREET AND A WIDTH OF 24 5/16 INCHES ON THE EASTERLY LINE OF SAID LOUISA KALISHER'S HILL STREET LOT AS SHOWN ON THE AFORESAID MAP.

PARCEL 3:

LOT "F" OF TRACT 2022, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 21 PAGE 92 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

THE NORTH 1/2 OF LOT "E" OF TRACT 655, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 16 PAGES 98 AND 99 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, WHICH SAME LOT IS ALSO KNOWN AS THE NORTH 1/2 OF LOT "E" OF TRACT 419, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14 PAGE 136 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

THE SOUTH 1/2 OF LOT "E" OF TRACT 655, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 16 PAGES 98 AND 99 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, WHICH SAME LOT IS ALSO KNOWN AS THE SOUTH 1/2 OF LOT "E" OF TRACT 419, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 14 PAGE 136 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 6:

PARCEL A:
THAT PORTION OF BLOCK 52, OF THE HUBER TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGE 280 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF HILL STREET, 92 FEET WIDE, DISTANT THEREON SOUTH 37° 42' WEST 177.25 FEET FROM THE SOUTHWESTERLY LINE OF EIGHTH STREET, 70 FEET WIDE, AS LOCATED BY THE CITY ENGINEER OF SAID CITY; THENCE ALONG HILL STREET SOUTH 37° 42' WEST 59.33 FEET TO THE NORTHEASTERLY LINE OF THE LAND DESCRIBED IN THE DEED TO KATE VAN NUYS PAGE, RECORDED IN BOOK 2396 PAGE 242 OF OFFICIAL RECORDS OF SAID COUNTY; THENCE ALONG SAID NORTHEASTERLY LINE SOUTH 52° 11' 20" EAST 160.70 FEET; THENCE NORTH 37° 56' EAST 59.38 FEET TO A LINE HAVING A BEARING OF NORTH 52° 12' 30" WEST WHICH PASSES THROUGH THE POINT OF BEGINNING; THENCE ALONG SAID LINE NORTH 52° 12' 30" WEST 160.94 FEET TO THE POINT OF BEGINNING.

PARCEL B:

LOUISA KALISHER'S HILL STREET LOT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 8 PAGE 34 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION OF SAID LOT PARTICULARLY DESCRIBED AS FOLLOWS:

A STRIP OF LAND LYING ADJACENT TO THE NORTHERLY LINE OF LOT "B" OF TRACT 2698, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED

IN BOOK 29 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF COUNTY, AND HAVING A FRONTAGE OF 15 9/16THS INCHES ALONG THE EASTERLY LINE OF HILL STREET AND A WIDTH OF 24 5/16THS INCHES ON THE EASTERLY LINE OF SAID LOUISA KALISHER'S HILL STREET LOT.

APN: 5144-017-028; 5144-017-029; 5144-017-030

# Exhibit "B"

All of Trustor's rights, interests and estates now owned, or hereafter acquired by Trustor (collectively, the "**Property**"):

    (a)    Land. The real property described on Exhibit A attached hereto and made a part hereof (the "**Land**");

    (b)    Additional Land. All additional lands, estates, entitlement rights and development rights hereafter acquired by Trustor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by amendment, modification, supplement or otherwise, be expressly made subject to the lien of the Deed of Trust;

    (c)    Improvements. The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (collectively, the "**Improvements**");

    (d)    Easements. All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and/or the Improvements and the reversions and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Trustor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

    (e)    Equipment. All "equipment," as such term is defined in Article 9 of the Uniform Commercial Code (as hereinafter defined), now owned or hereafter acquired by Trustor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all building materials, machinery, equipment, and other personal property not yet incorporated into the improvements, whether stored at the Land or at locations other than the Land, and all machinery, equipment, furnishings and electronic data-processing and other office equipment, in each case, now owned or hereafter acquired by Trustor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto, together with all bills of lading, warehouse receipts, delivery receipts or other documents of title to any of the foregoing (collectively, the "**Equipment**"). Notwithstanding the foregoing, Equipment shall not include any property belonging to tenants under Leases (as hereinafter defined) except to the extent that Trustor shall have any right or interest therein;

    (f)    Fixtures. All Equipment now owned, or the ownership of which is hereafter acquired, by Trustor which is so related to the Land and/or the Improvements forming part of the Property that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, plumbing, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Trustor's interest therein) and all other utilities whether or not situated in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the "**Fixtures**"). Notwithstanding the foregoing, "Fixtures" shall not include any property which tenants are entitled to remove

pursuant to Leases or fixtures owned by utility companies, except to the extent that Trustor shall have any right or interest therein;

(g) <u>Personal Property</u>. All furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, and all other inventory and personal property of any kind or character whatsoever (as defined in and subject to the provisions of the Uniform Commercial Code as hereinafter defined), whether tangible or intangible, other than Fixtures, which are now or hereafter owned by Trustor, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof (collectively, the "**Personal Property**"), and the right, title and interest of Trustor in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the state or states where any of the Property is located (as amended from time to time, the "**Uniform Commercial Code**"), superior in lien to the lien of the Deed of Trust and all proceeds and products of the above;

(h) <u>Leases and Rents</u>. All leases, subleases or subsubleases, lettings, licenses, concessions or other agreements (whether written or oral) pursuant to which any Person is granted a possessory interest in, or right to use or occupy all or any portion of the Land and the Improvements, and every extension, modification, amendment or other agreement relating to such leases, subleases, subsubleases, or other agreements entered into in connection with such leases, subleases, subsubleases, or other agreements and every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and observed by the other party thereto, the Improvements heretofore or hereafter entered into and all extensions, amendments and modifications thereto, whether before or after the filing by or against Trustor of any petition for relief under 11 U.S.C. § 101 et seq., as the same may be amended from time to time (the "**Bankruptcy Code**") (individually, a "**Lease**", collectively, the "**Leases**") and all income, rents and right, title and interest of Trustor, its successors and assigns in and under the Leases, including, without limitation, any guaranties of the lessees' obligations thereunder, cash or securities deposited under the Leases to secure the performance by the lessees of their obligations under the Leases and all rents, rent equivalents, moneys payable as damages or in lieu of rent or rent equivalents, additional rents, early termination fees and payments and other termination fees and payments, revenues, issues and profits (including, without limitation, all cash or securities deposited to secure the performance by the lessees of their obligations under the Leases), issues, profits and revenues (including all oil and gas or other mineral royalties and bonuses), income, fees, receivables, deposits (including, without limitation, security, utility and other deposits), accounts and receipts from the Land and the Improvements whether paid or accruing before or after the filing by or against Trustor of any petition for relief under the Bankruptcy Code (collectively, the "**Rents**") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt and the performance of all of the Obligations;

(i) <u>Condemnation Awards</u>. All awards, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including, but not limited to, any transfer made in lieu of or in anticipation of the exercise of such right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

(j) <u>Insurance Proceeds</u>. All Proceeds in respect of the Property under any Policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any Policies, judgments, or settlements made in lieu thereof, in connection with a Casualty to the Property;

(k) <u>Tax Certiorari</u>. All refunds, rebates or credits in connection with reduction in Impositions or Other Taxes charged against the Property;

(l) <u>Conversion</u>. All proceeds of the conversion, voluntary or involuntary, of any of the foregoing including, without limitation, Proceeds and awards, into cash or liquidation claims;

(m) <u>Rights</u>. The right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Beneficiary and the Lenders in the Property;

(n) <u>Agreements</u>. All agreements, contracts, certificates, instruments, franchises, franchise agreements, permits, licenses, and, to the extent lawfully assignable, all licenses, permits, approvals and consents which are required for the sale and service of alcoholic beverages on the Property heretofore or hereafter obtained from applicable state and local authorities, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Improvements and/or the Land and any part thereof, respecting any business or activity conducted in the Improvements and/or on the Land and any part thereof and all right, title and interest of Trustor therein and thereunder, including, without limitation, the right, upon the happening of any default under the Deed of Trust, to receive and collect any sums payable to Trustor thereunder;

(o) <u>Trademarks</u>. All trade names, trademarks, internet websites, servicemarks, logos, copyrights, goodwill, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

(p) <u>Accounts/Intangibles</u>. All accounts, accounts receivable, escrows (including, without limitation, all escrows, deposits, reserves and impounds established pursuant to the Loan Agreement and the Loan Documents), documents, instruments, chattel paper, claims, reserves (including deposits), representations, warranties and general intangibles, as one or more of the foregoing terms may be defined in the Uniform Commercial Code, and all contract rights, franchises, books, records, plans, specifications, permits, licenses (to extent assignable), approvals, actions, choses, claims, suits, proofs of claims in bankruptcy and causes of action in which Trustor now or hereafter has an interest, and all other deposits or wire transfers made to such accounts and all cash, checks, drafts, certificates, securities, investment property, financial assets, instruments and other property held therein from time to time and all proceeds, products, distributions, dividends and/or substitutions thereon and thereof;

(q) <u>Proceeds</u>. All products and proceeds of any of the foregoing, including, without limitation, Proceeds and awards, whether cash, liquidation or other claims or otherwise; and

(r) <u>Other Rights</u>. Any and all other rights of Trustor in and to the items set forth in Sections (a) through (q) above.

Initially capitalized terms used herein and not otherwise defined have the meaning assigned in the Deed of Trust.