## Exhibit C

## Kevin Singer Declaration

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT NEW YORK**

| | |
|---|---|
| In re:<br><br>BROADBRIDGE LA LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 8-22-72048-las |

**DECLARATION OF KEVIN SINGER IN SUPPORT OF**
**MOTION TO DISMISS CHAPTER 11 CASE**

I, Kevin Singer, declare as follows:

1. I am the court-appointed receiver ("Receiver") in *Museum Building Holdings, LLC v. Broadbridge LA, LLC*, Case No. 22STCV17409 ("Receivership Action"), pending in the Superior Court of the State of California for the County of Los Angeles ("State Court"). I have acted as a receiver or referee in more than 465 cases during the past twenty-two years and have sold or transitioned more than $1 billion of real estate through receivership and/or referee estates. I am the president of Receivership Specialists, which specializes in receiverships and partition sales. If called upon to testify, I could and would competently do so as to the matters set forth herein based on personal knowledge.

2. On June 8, 2022, the State Court entered an Order on *Ex Parte* Application for (1) Appointment of a Receiver, (2) Temporary Restraining order, and (3) Order to Show Cause re Preliminary Injunction and Appointment of Receiver ("Receivership Order") and appointing me as Receiver of the real, personal, tangible, and intangible property of Broadbridge LA, LLC ("Debtor").

3. The Debtor is the owner of commercial real property commonly known as "The Museum Building" and located at 826 and 832 South Hill Street and 801 South Broadway, City and County of Los Angeles, California ("Property").

4.      Upon and following my appointment as Receiver, I have worked diligently and dutifully to maintain and preserve the Property and carry out all of my responsibilities as Receiver.

5.      On June 9, 2022, I inspected and took possession of the Property, assisted by Senior Project Manager Rick Marquis. During the inspection, I photographed the Property and the personal property located therein. On July 8, 2022, I filed the Notice of Filing of Receiver's Inventory of Property ("Inventory Report") in the Receivership Action, a true and correct copy of which is attached hereto at **Exhibit 1**. True and correct copies of the photographs I took during my inspection of the Property on June 9, 2022, which photographs show the poor physical condition of the Property, are attached to the Inventory Report as Exhibit 1. The Property is currently vacant and, as evidenced by the photographs, in a state of disrepair.

6.      On August 10, 2022, I filed the Superior Court Receiver's July 2022 Report and Notice of Intent to Pay Receiver's Fees and Expenses ("July 2022 Report") in the Receivership Action, a true and correct of which is attached hereto as **Exhibit 2**.

7.      As set forth in the July 2022 Report, on July 9, 2022 Mr. Marquis again traveled to the Property to conduct an inspection and to oversee the transition of certain security services we obtained for the Property. During this inspection, Mr. Marquis took additional photographs of the Property, which are attached to the July 2022 Report as Exhibit 2. These additional photographs further show that the Property is in a state of disrepair, evidencing graffiti, partially completed construction work, and apparently abandoned personal property.

8.      As also set forth in the July 2022 Report, on July 13, 2022, I met with officials with the City of Los Angeles ("City"), who informed me that the Property's exterior temporary scaffolding and associated wood canopies must be removed because they are obstructing the sidewalk and the required permit expired in December 2021. The City also seeks payment of

associated past-due fees, and the officials expressed concern about security issues at the Property due to increased trespassing in the downtown area, which I plan to address by obtaining on-site security for the Property and boarding up the windows and entrances.

9. On or about August 15, 2022, I submitted to Secured Creditor a budget ("Budget") showing that the Debtor had $0.00 on hand and $0.00 in projected revenue, and that maintenance and administration of the Property from July 1, 2022, through October 31, 2022, would require funding in the approximate amount of $404,654.00, of which $146,519.00 would cover removing the scaffolding and boarding up the Property. Because the Debtor has no funds and the Property is generating no revenue, I requested payment of the required funding amount from Secured Creditor. A true and correct copy of the Budget which is attached hereto as **Exhibit 3**,

10. The Debtor is a non-operating, partially developed single-asset real estate entity without the means to satisfy or contribute to any expenses of the Receivership Action, including property insurance, ongoing administrative expenses, and my own fees and expenses. I anticipate that any such payments shall be made or advanced by Secured Creditor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of August, 2022, at Los Angeles, California.

                                                      _____
                                                     KEVIN SINGER