**Exhibit D**

**Jack Jangana Declaration**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT NEW YORK

In re:

BROADBRIDGE LA LLC,

Debtor.

Chapter 11

Case No. 8-22-72048-las

## DECLARATION OF JACK JANGANA IN SUPPORT OF
## MOTION TO DISMISS CHAPTER 11 CASE

I, Jack Jangana, declare as follows:

1. I am one of the members of Western LA Holdco, LLC, a Delaware limited liability company ("Western LA").

2. The other members of Western LA are Jenny Haim and Joyce Reiss (each an individual and collectively and together with myself, the "Jangana Members"), and JS Western Holdco Member LLC, a Delaware limited liability company ("JS Western").

3. The two members of JS Western are JS Western Member II LLC, a Delaware limited liability company ("JS Member"), and Joel Schreiber, an individual, who is also the sole member of JS Member.

4. Western LA is an indirect member of the above-captioned debtor Broadbridge LA LLC, a Delaware limited liability company ("Debtor"). Specifically, Western LA is the sole member of Broadbridge LA Member, LLC, a Delaware limited liability company ("Broadbridge Member"), which is the Debtor's sole member.

5. JS Western and I are the co-managers of Western LA.

6. Western LA is governed by that certain Amended and Restated Limited Liability Operating Agreement of Western LA Holdco LLC dated August 20, 2014 ("Original Western LA OA"), which was amended by that certain Amended and Restated Binding Memorandum of

Understanding of Western LA Holdco LLC dated June 8, 2018 ("Western LA MOU," and together with the Original Western LA OA, "Western LA OA"). True and correct copies of the Original Western LA OA and the Western LA MOU are respectively attached hereto as **Exhibit 1** and **Exhibit 2**.

7. The Debtor is governed by that certain Second Amended and Restated Limited Liability Company Agreement of Broadbridge LA LLC dated June 18, 2018 ("Debtor OA"). A true and correct copy of the Debtor OA is attached hereto as **Exhibit 3**.

8. Prior to the commencement of the Debtor's instant bankruptcy case, the Jangana Members authored and sent a letter on August 1, 2022 to Mr. Schreiber ("August 1 Letter"). A true and correct copy of the August 1 Letter is attached hereto as **Exhibit 4**.

9. The August 1 Letter clearly informed Mr. Schreiber that, among other things, none of the Jangana Members consented to or approved of Mr. Schreiber taking any act to cause the Debtor to initiate any bankruptcy proceedings.

10. The August 1 Letter expressly directed Mr. Schreiber not to proceed with any bankruptcy filing for or on behalf of the Debtor.

11. On August 8, 2022, Mr. Schreiber held a special meeting ("Special Meeting") of the direct and indirect members and managers of the Debtor at which he sought consent to file a voluntary chapter 11 petition on behalf of the Debtor.

12. The Jangana Members personally attended the Special Meeting.

13. At the Special Meeting, Mr. Nash discussed considerations related to a potential bankruptcy filing of the Debtor. The Jangana Members declined to consent to any bankruptcy filing by or for the Debtor. Contrary to the fifth recital contained in the Company Resolution of Broadbridge LA LLC, attached to its chapter 11 bankruptcy petition, I did not indicate during the

Special Meeting or follow-up conferences that it was my belief that Mr. Schreiber or myself, acting alone and without the consent of myself and the other Jangana Members had the authority to file a Chapter 11 petition on behalf of the Company.

14. After the conclusion of the Special Meeting, the Jangana Members authored and sent a second letter on August 8, 2022 to Mr. Schreiber ("August 8 Letter"). A true and correct copy of the August 8 Letter is attached hereto as **Exhibit 5**.

15. The August 8 Letter informed Mr. Schreiber that the Jangana Members continued not to consent to or approve of any bankruptcy filing by or on behalf of the Debtor.

16. The August 8 Letter again expressly directed Mr. Schreiber not to proceed with any bankruptcy filing for or on behalf of the Debtor.

17. The August 8 Letter also detailed the multiple specific, distinct and legitimate reasons that the Jangana Members decided to withhold our consent to any bankruptcy filing by or on behalf of the Debtor.

18. For all of the reasons set forth in the August 8 Letter, I withheld and continue to withhold my consent to the filing of this case.

19. I believe that Mr. Schreiber, acting alone and without the consent of myself and the other Jangana Members, did not and does not have the authority to file and proceed with this instant bankruptcy case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of August, 2022, at Great Neck, New York.

JACK JANGANA