UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              Chapter 11

Broadbridge LA LLC,                                 Case No.  22-72048-LAS

                           Debtor.
---------------------------------------------------------x

**STIPULATION AND AGREED ORDER PURSUANT TO 11 U.S.C. § 543(d)(1) MAINTAINING RECEIVER AND EXCUSING RECEIVER'S COMPLIANCE WITH THE TURNOVER PROVISIONS OF THE BANKRUPTCY CODE**

This Stipulation and Agreed Order (this "Stipulation") is entered into by and among counsel for: the debtor BROADBRIDGE LA LLC, a Delaware limited liability company (the "Debtor"); the duly appointed California state court receiver KEVIN SINGER, an individual (the "Receiver"); and secured creditor MUSEUM BUILDING HOLDINGS LLC, a Delaware limited liability company (the "Secured Creditor," and together with the Debtor and the Receiver, collectively, the "Parties").

**RECITALS**

**WHEREAS**, on August 9, 2022 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case"); and

**WHEREAS**, the Debtor is the owner of large-scale commercial real estate development project located at 826 and 832 South Hill Street and 801 South Broadway, Los Angeles California, commonly known as "The Museum Building" (the "Property"); and

1

**WHEREAS**, the Property is encumbered by a lien in favor of Secured Creditor pursuant to a certain first priority deed of trust and certain other loan documents related thereto (collectively, the "Loan Documents"); and

**WHEREAS**, prior to the Filing Date, Secured Creditor commenced a receivership action in the Superior Court of California for the County of Los Angeles (the "State Court"), captioned *Museum Building Holdings LLC v Broadbridge LA LLC*, Case No. 22STCV17409 (the "Receivership Action") seeking, *inter alia*, to foreclose its first priority deed of trust encumbering on the Property; and

**WHEREAS**, in the Receivership Action, on June 8, 2022, the State Court entered that certain Order on *Ex Parte* Application for (1) Appointment of a Receiver, (2) Temporary Restraining Order, and (3) Order to Show Cause re Preliminary Injunction and Appointment of Receiver (the "Receivership Order"), appointing the Receiver, which appointment was confirmed by a subsequent order of the State Order entered on June 30, 2022; and

**WHEREAS**, pursuant to and in accordance with the Receivership Order, the Receiver took possession of the Property and was in possession of the Property as of the Filing Date; and

**WHEREAS**, the Parties are willing to stipulate, subject to the provisions contained herein, to temporarily excuse the Receiver from compliance with the turnover requirements set forth in Section 543(a) and (b) of the Bankruptcy Code; and

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES AND HEREBY ORDERED THAT:**

1. The Receiver is hereby excused from compliance with the turnover requirements set forth in Section 543(a) and (b) of the Bankruptcy Code for an initial period of ninety (90)

days (subject to renewal) provided that the Receiver complies with the terms and conditions set forth herein.

2. The terms and conditions of the Receivership Order, a true and correct copy of which is attached to as **Exhibit A**, are incorporated herein by reference.

3. The Receiver shall have all of the rights and powers set forth in the Receivership Order and shall continue to possess, operate and manage the Property in accordance with the terms of the Receivership Order; provided, however, that the Receiver shall not (a) propose any chapter 11 plan of reorganization in the Bankruptcy Case, (b) file any motion or application to sell the Property and/or (c) enter into any leases for the Property, or any portion thereof, without first obtaining the express written consent of each the Debtor and Secured Creditor.

4. In addition to the powers set forth in the Receivership Order, the Receiver is authorized to retain Ervin Cohen & Jessup LLP ("ECJ") as his counsel effective August 9, 2022.

5. Once a month, the Receiver shall provide to the Debtor (with a copy to Secured Creditor) the information necessary to enable the Debtor to complete and file monthly operating reports with the Bankruptcy Court pursuant to and in accordance with the Guidelines of the Office of the United States Trustee.

6. Secured Creditor is hereby authorized to pay and/or advance funds to pay for all operational, maintenance or other costs and expenses arising in connection with the Property (such payments and/or advances, collectively, the "Secured Creditor Advances"), including, without limitation, all attorneys' costs and fees, all costs and/or expenses for the removal of the current scaffolding and canopy at the Property and the boarding up of all openings and entrances at the Property, and all costs and/or expenses in connection with an on-site manager and outside security for the Property.

7.     Debtor agrees and acknowledges that it shall not contest that any and all Secured Creditor Advances made hereunder shall (a) be paid and/or transferred by Secured Creditor directly to the Receiver and not to the Debtor; (b) constitute protective advances under the Loan Documents and under Section 364 of the Bankruptcy Code; (c) be added to and be deemed to be a portion of Secured Creditor's claim against the Debtor; and (d) not be, nor be deemed to be, property of the Debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code. Notwithstanding anything herein to the contrary, nothing herein shall alter, modify, prejudice, release or waive Secured Creditor's right to review and approve of any costs and/or expenses arising or incurred in connection with the Property prior to making any Secured Creditor Advances.

8.     To the extent that any rents, issues and/or profits derived from the Property, and as further defined in the Loan Documents as "Rents" (collectively, defined herein as the "Rents"), is generated in the future, Debtor further agrees and acknowledges that (a) it shall not contest that such Rents constitute Secured Creditor's cash collateral within the meaning of Section § 363(a) of the Bankruptcy Code ("Cash Collateral"), and (b) it does not have Secured Creditor's consent to use such Cash Collateral and cannot use such Cash Collateral absent further order of this Bankruptcy Court.

9.     To the extent available, the Receiver shall also provide the Debtor and Secured Creditor with information reasonably requested by the Debtor and Secured Creditor regarding the operation of the Property, including information necessary to prepare the Debtor's (a) schedules and statement of financial affairs and (b) plan and disclosure statement.

10. The compensation of the Receiver and ECJ shall be computed and billed in accordance with the Receivership Order and remains subject to the Bankruptcy Court's approval under Section 543(c)(2) of the Bankruptcy Code.

11. Each person who executes this Stipulation on behalf of a Party represents and warrants that he or she is duly authorized and has requisite authority to execute and deliver this Stipulation on behalf of such Party and to bind his or her respective Party to the terms and conditions of this Stipulation.

12. All representations, warranties, inducements, and/or statements of intention made by the Parties that relate to this Stipulation are embodied in the Stipulation, and none of the Parties relied upon, will be bound by or will be liable for any alleged representation, warranty, inducement or statement of intention that is not expressly set forth in this Stipulation.

13. This Stipulation shall be binding upon all successors and assigns of all of the Parties hereto, and any trustee appointed in the Bankruptcy Case.

14. This Stipulation constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

15. This Stipulation may be executed in counterparts, each of which shall be deemed an original and evidence of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

16. Any disputes regarding the terms of this Stipulation are subject to the jurisdiction of the Bankruptcy Court.

[*Remainder of page intentionally left blank*]

**IN WITNESS WHEREOF**, the undersigned have made and entered into this Stipulation as of the day and year stated below.

Dated: August _24_, 2022

| | |
|---|---|
| Goldberg Weprin Finkel Goldstein, LLP<br>Attorneys for Broadbridge LA LLC | Duane Morris LLP<br>Attorneys for Museum Buildings Holdings LLC |
| By: /s/Kevin J. Nash<br>    Kevin J. Nash, Esq.<br>    1501 Broadway, 22nd Fl.<br>    New York, NY 10036<br>    (212) 221-5700<br>    kjnash@gwulaw.com | By: /s/Lawrence J. Kotler<br>    Meagen E. Leary, Esq. (admitted *pro hac vice*)<br>    Marcus O. Colabianchi, Esq. (admitted *pro hac vice*)<br>    One Market Plaza<br>    Spear Street Tower, Suite 200<br>    San Francisco, CA 94105<br>    meleary@duanemorris.com<br>    mcolabianchi@duanemorris.com |
| Ervin Cohen & Jessup LLP<br>Attorneys for Kevin Singer | Lawrence J. Kotler, Esq.<br>1540 Broadway, 14th Floor<br>New York, NY 10036<br>ljkotler@duanemorris.com |
| By:  /s/ Blake C. Alsbrook<br>    Blake C. Alsbrook, Esq.<br>    9401 Wilshire Boulevard, 9th Floor<br>    Beverly Hills, CA 90212<br>    balsbrook@ecjlaw.com | |

**IT IS SO ORDERED.**

Dated: August 25, 2022
     Central Islip, New York

/s/ Louis A. Scarcella
**Louis A. Scarcella**
**United States Bankruptcy Judge**