**JACK JANGANA, JENNY HAIM & JOYCE REISS**
45 North Station Plaza, Suite 402
Great Neck, New York 11021

August 1, 2022

Joel Schreiber
JS Western Holdco Member LLC
c/o Waterbridge Capital
115 West 18th Street, 2nd Floor
New York, New York  10011

**Re: 801 South Broadway, Los Angeles, California**

Dear Mr. Schreiber,

Reference is made to that certain Amended and Restated Limited Liability Company Operating Agreement of Western LA Holdco LLC, dated August 20, 2014 (as subsequently amended, supplemented and otherwise modified, the "Operating Agreement").  Capitalized terms used in this letter and not otherwise defined herein shall have the meanings ascribed to them in the Operating Agreement.  As you know, we are the Jangana Members.

Please be advised that, pursuant to the Operating Agreement and any and all other applicable documents, we do not consent to and do not approve of you or any Manager (including JS Western Holdco Member LLC or any of your or its affiliates and related parties) or any of the Applicable Companies undertaking any act, directly or indirectly, to (i) cause any of the Applicable Companies[1] to initiate any Bankruptcy proceedings or any Debtor Proceeding[2], or (ii) to file or otherwise initiate any Bankruptcy proceedings or any Debtor Proceeding with respect to any of the Applicable Companies (collectively, the "Prohibited Bankruptcy Acts").

Moreover, we expressly direct you, JS Western Holdco Member LLC and each of your affiliates and related parties, not to proceed with, undertake or engage in any Prohibited Bankruptcy Act, directly or indirectly.

[Remainder of page intentionally blank]

---

[1] "'Applicable Companies' means, collectively, the Company [Western LA Holdco LLC], Broadbridge Member [Broadbridge LA Member LLC] and Property Owner [Broadbridge LA LLC].' See Operating Agreement at Article 2.

[2] The term "Debtor Proceeding" shall have the meaning ascribed to it in that certain Standstill Agreement executed on August 7, 2020 (as subsequently amended, supplemented or otherwise modified), by and among Starwood Property Mortgage Sub-14-A, L.L.C., as administrative agent, Broadbridge LA LLC, as borrower, and Jack Jangana and Joel Schreiber, as guarantors.

Please be further advised that we reserve all of our rights at law and equity, including without limitation pursuant to sections 3.3, 3.7(b)(ii), 3.8(a) and 3.8(b) of the Operating Agreement, in the event that you, JS Western Holdco Member LLC or any of your affiliates and related parties proceed with any Prohibited Bankruptcy Act.

Sincerely,

Jack Jangana

Jenny Haim

Joyce Reiss

# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
### ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
STEVEN R. UFFNER
HARVEY L. GOLDSTEIN
NEAL M. ROSENBLOOM
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH* †
KATHARINE M. FINCH*
MATTHEW E. HEARLE
AUBREY E. RICCARDI*
STEPHEN BORDANARO
ANTHONY J. SCHLUR
DANIEL J. SLATZ
MICHELLE A. McLEOD☆

J. TED DONOVAN
DORAN I. GOLUBTCHIK
SERGIO J. TUERO*
JAY E. SIMENS
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN
BRIAN A. KOHN
BRIAN W. KEMPER
JOHN P. HOGAN
ZACHARY D. KUPERMAN*
NEIL I. ALBSTEIN*
GIDON SHAMIR
JARED STEINBERG♦

Kevin J. Nash, Esq.
Direct: 212-301-6944
Facsimile: 212-221-6532
KJNash@gwulaw.com

**1501 BROADWAY**
**22ND FLOOR**
**NEW YORK, N. Y. 10036**
**(212) 221-5700**
**TELECOPIER (212) 730-4518**

BENJAMIN C. KIRSCHENBAUM
ROBERT KANDEL
(OF COUNSEL)

EMANUEL GOLDBERG (1904 - 1988)
JACK WEPRIN (1930 - 1996)
BENJAMIN FINKEL (1905 - 1986)

•   ALSO MEMBER OF NEW JERSEY BAR
†   ALSO MEMBER OF MASSACHUSETTS BAR
☆   ALSO MEMBER OF FLORIDA AND WASHINGTON DC BAR
⌐   ALSO MEMBER OF CONNECTICUT BAR
♦   ADMITTED IN OHIO AND PENNSYLVANIA ONLY

August 5, 2022

*Via Email*
Jack Jangana, Jenny Haim and Joyce Reiss
45 North Station Plaza, Suite 402
Great Neck, New York 11021

Re:    Western LA Holdco LLC and Broadbridge LA Member LLC
       Notice of Emergency Meeting to Address Foreclosure Sale
       of 801 S. Broadway, Los Angeles, California

Dear Mr. Jangana, Ms. Haim and Ms. Reiss:

Joel Schreiber has engaged my firm to commence Chapter 11 proceedings on behalf of both Western LA Holdco LLC (the "Company") and Broadbridge LA Member LLC ("Broadbridge") in view of the foreclosure sale of the real property owned by Broadbridge at 801 S. Broadway, Los Angeles, California (the "Property"). The foreclosure sale is currently scheduled for August 9, 2022 in California and requires emergency action by the Company.

If the Property is foreclosed, the development project will irreparably and irreversibly fail and all equity contributions totaling between than $100 million and $110 million, will be forfeited. Obviously, the situation is a dire emergency requiring prompt action by the beneficial owners and members of the Company to protect and further the interests of the Company.

For the last several days, Mr. Joel Schreiber has been seeking your consent to the filing of Chapter 11 petitions to stay the foreclosure sale. Once the foreclosure is stayed, the Company will then have the opportunity to sell the property as a going concern, or perhaps procure new investors or refinancing. I am in receipt your letter dated August 1, 2022 in which you indicate that you are refusing to consent to the Chapter 11 filings. It appears that this refusal is motivated by a personal guaranty and is not being made in the best interests of the Company.

I refer you to the provisions of Section 6.2(a) of the Company's August 20, 2014 Amended and Restated Operating Agreement which does not give you veto power of the decision to file a Chapter 11 petition. Instead, your consent cannot be "unreasonably withheld, conditioned or delayed."

If you refuse to approve the Chapter 11 filings, Mr. Schreiber and the Company reserve all of their rights to proceed independently, and to hold you responsible for all actual, special and consequential damages arising out of your unreasonable actions. In this regard, I note that your violation of Section 6.2(a) would be a clear act of "bad faith" and remove the protections afforded under Article 3 which you cite in your August 1 letter.

By a copy of this letter, I am also advising the Independent Managers of Broadbridge, Colleen DeVries and John Morrissey, of the pressing need for Chapter 11 relief and invite them to attend the emergency meeting described below. I note that Section 9(d)(3) of the Broadbridge Limited Liability Company Agreement requires the joint consent of both Independent Managers to any "Material Action" such as the Chapter 11 filing by Broadbridge, while Section 10 expressly provides that the Independent Managers have a fiduciary duty to the Broadbridge, and remain subject to the implied covenant of good faith and fair dealing with respect to Material Actions taken pursuant to Section 9(d)(3). I also note that the separate provisions of Section 9(d)(4) barring a Chapter 11 filing by Broadbridge are not enforceable.

I am requesting that you and the Independent Managers participate in an emergency meeting on Monday August 8, 2022 at 12:00 noon (Eastern Time) to reconsider the Chapter 11 filings. I am providing the information for the Zoom link in the covering email.

Very truly yours,

/s/ Kevin J. Nash, Esq.

cc:    Colleen DeVries
       John Morrissey
       Joel Schreiber
       Thomas Kearns, Esq.
       Daniel J. Ansell, Esq.

JACK JANGANA, JENNY HAIM & JOYCE REISS
45 North Station Plaza, Suite 402
Great Neck, New York 11021

August 8, 2022

Joel Schreiber
JS Western Holdco Member LLC
c/o Waterbridge Capital
115 West 18ᵗʰ Street, 2nd Floor
New York, New York  10011

**Re: 801 South Broadway, Los Angeles, California**

Dear Mr. Schreiber,

Reference is made to that certain Amended and Restated Limited Liability Company Operating Agreement of Western LA Holdco LLC, dated August 20, 2014 (as subsequently amended, supplemented and otherwise modified, the "Operating Agreement").  Capitalized terms used in this letter and not otherwise defined herein shall have the meanings ascribed to them in the Operating Agreement.  As you know, we are the Jangana Members.

We write as a follow-up to the letter sent to us by Mr. Nash on Friday, August 5, 2022, as well as to this morning's emergency zoom call, which was scheduled by Mr. Nash, in his purported role as counsel for Western LA Holdco LLC and Broadbridge LA Member LLC (together with BroadBridge LA LLC, collectively, the "Companies").

Upon further discussion and review, we do not consent to and do not approve of you or any Manager (including JS Western Holdco Member LLC or any of your or its affiliates and related parties) or any of the Applicable Companies undertaking any act, directly or indirectly, to (i) cause any of the Applicable Companies[1] to initiate any Bankruptcy proceedings or any Debtor Proceeding[2] or (ii) to file or otherwise initiate any Bankruptcy proceedings or any Debtor Proceeding with respect to any of the Applicable Companies (collectively, the "Prohibited Bankruptcy Acts").

Moreover, we expressly direct you, JS Western Holdco Member LLC and each of your affiliates and related parties, not to proceed with, undertake or engage in any Prohibited Bankruptcy Act, directly or indirectly.

While we understand that bankruptcy filings would at least temporarily stay the foreclosure sale of the real property owned by BroadBridge at 801 S. Broadway, Los Angeles,

---

[1] "'Applicable Companies' means, collectively, the Company [Western LA Holdco LLC], Broadbridge Member [Broadbridge LA Member LLC] and Property Owner [Broadbridge LA LLC].' *See* Operating Agreement at Article 2.

[2] The term "Debtor Proceeding" shall have the meaning ascribed to it in that certain Standstill Agreement executed on August 7, 2020 (as subsequently amended, supplemented or otherwise modified), by and among Starwood Property Mortgage Sub-14-A, L.L.C., as administrative agent, Broadbridge LA LLC, as borrower, and Jack Jangana and Joel Schreiber, as guarantors.

California (the "Property"), and share with you the goal of maximizing recoveries for the Companies, we are of the view that bankruptcy filings ultimately are not in the best interests of the Companies or their stakeholders.

As you know, Starwood Property Mortgage SUB-14-A, L.L.C. ("Starwood"), as administrative agent for itself and the other lenders under the Mortgage Loan and Security Agreement dated as of June 8, 2018 (as amended, the "Loan Agreement"), alleges that approximately $271 million is owed by Broadbridge LA LLC, as borrower (the "Borrower"), under the Loan Agreement. During the past two years, the Companies, you and we have attempted repeatedly to refinance the loan, sell the Property and find new investors. This has included broad marketing efforts by both CBRE and Cushman & Wakefield. All efforts have been unsuccessful. As a result, we view the notion that bankruptcy filings will result in enhanced recoveries to the Companies' stakeholders as speculative at best, especially given rising interest rates and the difficult economic environment.

Conversely, bankruptcy filings by the Companies would cause the Companies to incur hundreds of thousands of dollars, if not millions, in administrative expenses related to estate professionals (counsel, financial advisors and/or investment bankers and/or brokers) and United States Trustee fees. The Companies do not have the funds to pay for any of these expenses. Bankruptcy filings would also surely result in the expensive litigation with Starwood, which we anticipate will file motions to dismiss the bankruptcy case or to obtain relief from the automatic stay, and will also contest any efforts to cram down its loan or to reorganize or sell at levels that provide it with less than a full recovery. Starwood's fees are also payable by the Borrower under the indemnification provisions of the Loan Agreement, and will result in further claims against the Companies.

For these reasons, among others, we do not believe the risks and expenses associated with the proposed bankruptcy filings outweigh the speculative benefits of such filings.

Please be further advised that we reserve all of our rights at law and equity, including without limitation pursuant to sections 3.3, 3.7(b)(ii), 3.8(a) and 3.8(b) of the Operating Agreement, in the event that you, JS Western Holdco Member LLC or any of your affiliates and related parties proceed with any Prohibited Bankruptcy Act.

Sincerely,

Jack Jangana

Jenny Haim

Joyce Reiss

2