UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                                                     Chapter 11

Broadbridge LA LLC,                                          Case No.  22-72048-LAS

                                                Debtor.
-------------------------------------------------------x

## DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION

## INTRODUCTION

      Broadbridge LA LLC (the "Debtor") hereby proposes the following plan of liquidation (the "Plan") pursuant to Title 11 of the United States Code (the "Bankruptcy Code").  Fundamentally, the Plan provides for the prompt private sale of the Debtor's real property at 801 South Broadway, Los Angeles, California (the "Property") to Capri Investor, LLC or its designee ("Capri") for a total purchase price of $325 million once due diligence is completed.  The Property is encumbered by a senior mortgage lien held by Museum Building Holdings LLC (the "Lender"), which it asserts to be owed the principal sum of $222,453,522 as of the Petition Date, plus accrued interest, advances, fees and expenses.  In addition, the Debtor owes general unsecured creditors the total scheduled amount of $15,831,876.30.  If the transaction closes, the sale proceeds shall be used to pay the allowed senior mortgage debt and all other allowed claims in full (subject to reserves for disputed claims or any part of the Lender's Claim which is disputed).  The Debtor remains hopeful that the due diligence period will pass without termination, whereupon, the Debtor intends to file a separate motion for approval of that certain contract of sale dated as of October 27, 2022 (the "Sale Contract") to sell the Property to Capri pursuant to 11 U.S.C. §§363(b) and (f) and 1123(a)(5)(D) free and clear of all liens, claims, taxes, judgments, adverse interests and non-permitted encumbrances (the "Sale"), with the closing to occur shortly thereafter.

## Article I

## DEFINED TERMS

**1.1**    <u>Definitions of Terms Utilized in the Plan</u>

      The following terms shall have the respective meanings set forth below.  Any term used in the Plan that is not defined herein but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

      **1.1.1**    **Administrative Claim:** Any cost or expense of preserving the Property after the commencement of the Chapter 11 case allowed pursuant to Section 503(b) of the Bankruptcy Code, including Professional Fee Claims and U.S. Trustee Fees.

      **1.1.2**    **Allowed Claim:** Any Claim (a) for which a Proof of Claim was timely filed with the Bankruptcy Court by the Bar Date; or (b) that is listed in the Schedules and not

being listed as disputed, contingent or unliquidated as to amount; and, in either case, as to which no objection to the allowance thereof has been filed by the Claim Objection Deadline.

1.1.3       **Avoidance Actions**:  Any and all causes of actions, claims, and rights of the Debtor and its estate to avoid or recover a transfer of property of the Debtor's estate or an interest of the Debtor's property, including, without limitation, actions arising under Sections 506, 510, 541, 542, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code.

1.1.4       **Bankruptcy Court**:  The United States Bankruptcy Court for the Eastern District of New York.

1.1.5       **Bankruptcy Rules**:  The Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York.

1.1.6       **Bar Date**:  November 14, 2022 as fixed by Order of the Bankruptcy Court.

1.1.7       **Claim**:  A claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor.

1.1.8       **Claim Objection Deadline**:  The date that is (a) thirty (30) days after the Effective Date of the Plan, or (b) such other period of limitation as may be fixed by an order of the Bankruptcy Court for objecting to Claims.

1.1.9       **Confirmation Hearing**:  The hearing to be held by the Bankruptcy Court to consider approval and confirmation of the Plan.

1.1.10       **Confirmation Order**:  The Order of the Bankruptcy Court confirming and approving the Plan.

1.1.11       **Disbursing Agent**:  Goldberg Weprin Finkel Goldstein, LLP

1.1.12       **Disputed Claim**:  Any Claim, (i) proof of which has been filed and to which an objection to the allowance thereof has been filed before the Claim Objection Deadline and such objection has not been either (a) determined by a Final Order or (b) settled by the parties under a settlement approved by Bankruptcy Court pursuant to Bankruptcy Rule 9019; or (ii) which has not been otherwise Allowed by the Bankruptcy Court.

1.1.13       **Distributable Cash**:  The sale proceeds generated from the sale of the Property to pay Allowed Claims in accordance with the terms of this Plan.

1.1.14       **Effective Date**:  The date when the sale of the Property closes and the purchase price of $325 million is paid to the Debtor for the Property.

1.1.15       **Equity Interest**:  The membership interest of JS Western Holdco Member LLC in Western LA Holdco LLC, as the sole member of Broadbridge LA Member LLC,

the sole member of the Debtor, is owned exclusively by Joel Schreiber pursuant to an assignment agreement dated October 19, 2022.

1.1.16    **Final Order:** An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek certiorari or move for a new trial, reargument or rehearing has expired, and no appeal or petition for certiorari or other proceedings for a new trial, reargument or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought or the new trial, reargument or rehearing has been denied or resulted in no modification of such order.

1.1.17    **General Unsecured Claim:** Any Claim against the Debtor which is not a Secured Claim, Administrative Claim or a Priority Claim.

1.1.18    **Museum Building Holdings LLC**: Museum Building Holdings LLC holds a senior Secured Claim against the Debtor which it asserts to be in the amount of $222,453,522.96 as of the Petition Date.

1.1.19    **Order:** An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction.

1.1.20    **Petition Date:** August 9, 2022, the date on which the Debtor filed its petition for relief in the Bankruptcy Court.

1.1.21    **Priority Tax Claim:** A Claim that is entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

1.1.22    **Professional:** Any professional employed pursuant to Section 327, 328 or 1103 of the Bankruptcy Code or any professional or other Person seeking compensation or reimbursement of expenses pursuant to Section 503(b)(4) of the Bankruptcy Code.

1.1.23    **Professional Fee Claim:** A Claim of a Professional under Section 328, 330, 331 or 503 of the Bankruptcy Code for allowance of compensation and/or reimbursement of expenses.

1.1.24    **Professional Fee Claim Bar Date:** Forty-five (45) days after the Effective Date.

1.1.25    **U.S. Trustee Fees**: Any cost or expense relating to services incurred by the United States Trustee during the pendency of this case.

## 1.2    Rules of Interpretation: Application of Definitions, Rules of Construction and Computation of Time

Wherever from the context it appears appropriate, each term stated in either the singular or the plural shall include both the singular and the plural, and pronouns stated in the masculine,

feminine, or neuter gender shall include the masculine, feminine, and neuter.  For purposes of the Plan: (a) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that the document shall be substantially in that form or substantially on those terms and conditions; (b) any reference in the Plan to an existing document or exhibit filed or to be filed means the document or exhibit as it may have been or may be amended, modified, or supplemented; (c) unless otherwise specified, all references in the Plan to Sections, Schedules, and Exhibits are references to Sections, schedules, and exhibits of or to the Plan.  The rules of construction contained in Bankruptcy Code Section 102 shall apply to the construction of the Plan.  The headings in the Plan are for convenience of reference only and shall not expand, limit, or otherwise affect the provisions of the Plan.

## Article II

### CLASSIFICATION AND PROVISIONS FOR TREATMENT OF
### CLAIMS AND EQUITY INTERESTS

Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of classified and unclassified Claims against the Debtor. A Claim is placed in a particular Class for the purposes of voting on the Plan and receiving distributions pursuant to the Plan only to the extent that such Claim is an Allowed Claim.

### 2.1    **Non-Classified Claims**

In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified and will be paid from Distributable Cash.

    2.1.1    **Administrative Claims.**  Each holder of an Allowed Administrative Claim shall receive in full satisfaction, settlement and release thereof, a cash payment in full equal to such Allowed Administrative Claim, (i) as soon as reasonably practicable after the Effective Date or (ii) if the Administrative Claim is not Allowed as of the Effective Date, upon entry of an Order approving such Administrative Claim.  The Administrative Claims consist of the U.S. Trustee Fees and Professional Fees.

    2.1.2    **Priority Tax Claims.**  Each holder of an Allowed Priority Tax Claim shall receive in full satisfaction, settlement and release thereof, a cash payment in full equal to such Allowed Priority Tax Claim, (i) on or as soon as reasonably practicable after the Effective Date; or (ii) if the Priority Tax Claim is not Allowed as of the Effective Date, upon entry of an Order approving such Priority Tax Claim.

    2.1.3    **Professional Fee Claims**.  All requests for payment of by the Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP shall be filed on or before the Professional Fee Claim Bar Date and remain subject to Bankruptcy Court approval in accordance with Section 330 of Bankruptcy Code.

2.2    **Classification and Treatment of Classified Claims and Equity Interests**

The following table designates the Classes of Claims and Interests and specifies which Classes are: (i) impaired or unimpaired by this Plan; (ii) entitled to vote to accept or reject this Plan in accordance with Section 1126 of the Bankruptcy Code; and (iii) deemed to accept or reject this Plan.

| Summary of Classification and Treatment of Timely Filed Claims and Equity Interests | | | |
|---|---|---|---|
| **Class** | **Claim** | **Status** | **Voting Rights** |
| 1 | Secured Claim of the Lender | Unimpaired | Deemed to Accept because allowed Secured Claim of the Lender shall be paid in full. |
| 2 | General Unsecured Claims | Unimpaired | Deemed to Accept because the allowed Class 2 General Unsecured Claims shall be paid in full. |
| 3 | Equity Interest | Unimpaired | N/A |

2.2.1    **Class 1 (Allowed Secured Claim of Museum Building Holdings LLC).** Class 1 consists of the Lender's Allowed Secured Claim. The Lender has asserted a Secured Claim in the total sum of $280,643,825 as of November 9, 2022, which remains subject to final reconciliation and objection as to the various components of the Claim relating primarily to default interest. The Class 1 Claim shall be paid in full on the Effective Date from the Distributable Cash, with reserves to be established on the Effective Date for all disputed amounts pending further Order of the Bankruptcy Court.

2.2.2    **Class 2 (Allowed General Unsecured Claims).** Each holder of an Allowed Class 2 General Unsecured Claim shall receive payment in full of its claim, together with interest from the Petition Date at the Federate Judgement Rate.

2.2.3    **Class 3 (Equity Interest).** The Equity Interest of Joel Schreiber shall be entitled to receive all surplus generated from the Sale of the Property after payment of the Lender's Allowed Class 1 Secured Claim in full with interest, Administrative Claims, Priority Claims and Allowed Class 2 Claims with interest.

# Article III

## IMPLEMENTATION AND EXECUTION OF THE PLAN

3.1    **Effective Date.**

The Plan shall become effective on the closing of the Property with the proceeds used to fund all distributions under the Plan.

3.2    **The Sale.**

A separate motion shall be filed for approval of the Sale of the Property to Capri free and clear of all liens, claims, taxes, judgments, adverse interests and non-permitted encumbrances pursuant to 11 U.S.C. §§363(b) and (f) and 1123(a)(5)(D). The Plan shall be funded by receipt and collection of the sale proceeds which shall be paid directly at the closing to the holders of allowed claims by the Disbursing Agent.

3.3    **Avoidance Actions**

The Debtor's estate shall retain all rights to commence Avoidance Actions. Any recoveries obtained in connection with pursuit of Avoidance Actions shall be added to Distributable Cash for distribution to creditors or the Equity Interest holder as surplus.

3.4    **Delivery of Distributions.**

Any distribution shall be made to the holders of Allowed Claims: (i) at the address set forth on the Proof of Claim filed by such holder, or (ii) at the addresses reflected in the Schedules if neither a Proof of Claim nor a written notice of change of address has been filed. If a distribution to any Creditor is returned as undeliverable without a forwarding address, no further distributions to such Creditor shall be made. All Distributions not cashed on or before the 180th day after the first distributions under the Plan shall revert to the Debtor's estate.

3.5    **Procedures for Treating and Resolving Disputed Claims.**

No payments or distributions shall be made with respect to a Disputed Claim or a portion hereof on the Effective Date.

   3.5.1      Distribution Reserve. The Disbursing Agent shall establish appropriate reserves for Disputed Claims (the "Disputed Claim Reserve") from Distributable Cash. The Disputed Claim Reserve shall be a separate fund established to pay Disputed Claims if and when allowed. The Disbursing Agent may also request estimation of any Disputed Claim that is contingent or unliquidated as part of the process of establishing a Distribution Reserve.

   3.5.2      Distributions After Allowance. Payments and distributions from the Disputed Claims Reserve, to the extent that such Disputed Claims ultimately become an Allowed Claim, shall be made upon entry of a Final Order allowing such Disputed Claim.

3.6    **Term of Injunctions or Stays.**

All injunctions or stays pursuant to Section 105 or 362 of the Bankruptcy Code shall remain in full force and effect until the close of the bankruptcy case. Except as otherwise expressly provided in the Plan or to the extent necessary to enforce the terms and conditions of the Plan, all Creditors who have held, hold, or may hold Claims against in the Debtor, are permanently enjoined, on and after the Confirmation Date, from (i) commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim; (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or Order against the Debtor, on account of any such Claim; (iii) creating, perfecting or enforcing any encumbrance of any kind against the Debtor; and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor, or against the property or interests in property of the Debtor, except to the extent such right is asserted in connection with a timely filed proof of claim or real property lease.

3.7    **Transfer Tax Exemption.**

The sale of the Property to Capri shall constitute a "transfer under a plan" within the purview of Section 1146(a) of the Bankruptcy Code.  The transfer of the Property by the Debtor shall not be subject to any deed transfer, stamp or similar taxes arising under state or local law.

## Article IV

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

4.1    **Disposition.**

The Debtor is not a party to any executory contracts or unexpired leases, and therefore, the provisions of Section 365 are not applicable herein.

## Article V

### CONDITIONS PRECEDENT TO CONFIRMATION
### AND CONSUMMATION OF THE PLAN

5.1    **Condition to Confirmation.**

The sole condition to confirmation of the Plan shall be entry of a Confirmation Order by the Bankruptcy Court in form and substance reasonably satisfactory to the Debtor and Capri providing for the sale of the Property free and clear of all liens, claims, taxes, judgments, adverse interests and non-permitted encumbrances pursuant to 11 U.S.C. §§ 363(b) and (f) and 1123 based upon a transfer tax exemption under 11 U.S.C. § 1146(a).

## Article VI

## VOTING ON THE PLAN

6.1 **Presumed Acceptances by Unimpaired Classes.**

Class 1 and Class 2 Claims are unimpaired by the Plan and are deemed to conclusively accepted the Plan.

## Article VII

## MISCELLANEOUS PROVISIONS

7.1 **Binding Effect of the Plan.**

The provisions of the Plan shall be binding upon all Creditors in accordance with the Bankruptcy Code and inure to the benefit of the Debtor's estate and its successors.

7.2 **Corporate Action**.

All matters provided for under the Plan that otherwise would require approval of the members of the Debtor shall be deemed to have occurred on the Effective Date.

7.3 **Retention of Jurisdiction.**

Post-Confirmation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

7.3.1 Allow, disallow, determine, liquidate, classify, estimate, or establish the priority, or amount of any Claim including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance of Claims;

7.3.2 Decide and resolve all matters related to the granting and denying, of any Professional Fee Claims;

7.3.3 Ensure that distributions to holders of Allowed Claims are effectuated pursuant to the provisions of the Plan;

7.3.4 Adjudicate any motions, adversary proceedings, applications, objections or other contested matters that may be pending on the Effective Date;

7.3.5 Enter and implement such Orders as may be necessary or appropriate to execute, implement, enforce or consummate the provisions of the Plan.

7.3.6 Adjudicate any and all disputes arising from or relating to distributions under the Plan, or any transactions contemplated herein;

7.3.7      Consider any modifications of the Plan to cure any defect or omission, or to reconcile any inconsistency with the Confirmation Order;

7.3.8      Enter an Order concluding or closing the bankruptcy case.

7.4    **Confirmation Order Controls.**

In the event any provision of the Plan is inconsistent with the provisions Confirmation Order, the Confirmation Order shall control and take precedence.

7.5    **Statutory Fees.**

The Debtor shall pay all U.S. Trustee Fees which accrue prior to entry of the Final Decree.

7.6    **Modification of Plan.**

The Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to entry of the Confirmation Order.  After the entry of the Confirmation Order, the Debtor may, upon Order of the Bankruptcy Court, amend or modify the Plan in accordance with Section 1127(b) of the Bankruptcy Code, or remedy any defect or omission, or reconcile any inconsistency in the Plan, in such manner as may be necessary to carry out the purpose and intent of the Plan.

Dated: New York, New York
      November 7, 2022

Broadbridge LA LLC             Goldberg Weprin Finkel Goldstein LLP
                                      Attorneys for the Debtor
                                        1501 Broadway, 22nd Floor
                                        New York, New York 10036
                                        (212) 221-5700

By:    /s/ Joel Schreiber                By:    /s/Kevin J. Nash, Esq.