UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              Chapter 11

Broadbridge LA LLC,                                 Case No. 22-72048-LAS

                              Debtor.
---------------------------------------------------------x

### SECOND STIPULATION AND AGREED ORDER PURSUANT TO 11 U.S.C. § 543(d)(1) MAINTAINING RECEIVER AND EXCUSING RECEIVER'S COMPLIANCE WITH THE TURNOVER PROVISIONS OF THE BANKRUPTCY CODE

This Second Stipulation and Agreed Order (this "Second Stipulation") is entered into by and among counsel for: debtor BROADBRIDGE LA LLC, a Delaware limited liability company (the "Debtor"); the duly appointed California state court receiver KEVIN SINGER, (the "Receiver"); and secured creditor MUSEUM BUILDING HOLDINGS, LLC, a Delaware limited liability company (the "Secured Creditor," and together with the Debtor and the Receiver, collectively, the "Parties").

### RECITALS

**WHEREAS**, on August 9, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case"); and

**WHEREAS**, on August 25, 2022, the Bankruptcy Court entered the *Stipulation and Agreed Order Pursuant to 11 U.S.C. § 543(d)(1) Maintaining Receiver and Excusing Receiver's Compliance with the Turnover Provisions of the Bankruptcy Code* [ECF No. 38] (the "First

Stipulation"),[1] which, among other things, excused the Receiver from compliance with the turnover requirements set forth in Section 543(a) and (b) of the Bankruptcy Code for an initial period of ninety (90) days (*i.e.*, through November 23, 2022) (the "Excusal Period"); and

**WHEREAS**, paragraph 1 of the First Stipulation provides that the Excusal Period is subject to renewal; and

**WHEREAS**, the Parties are willing to stipulate and agree to, subject to the provisions contained herein, the extension of the Excusal Period by a period of ninety (90) days; and

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES AND HEREBY ORDERED THAT:**

1. The Excusal Period is hereby extended by a period of ninety (90) days from November 23, 2022 to February 11, 2023 during which the Receiver is excused from compliance with the turnover requirements set forth in Section 543(a) and (b) of the Bankruptcy Code (subject to further renewal) provided that the Receiver complies with the terms and conditions set forth in the First Stipulation.

2. Except as otherwise provided for herein, nothing shall, is intended to, or shall be deemed to amend, modify or otherwise alter the terms and conditions of the First Stipulation, including, without limitation, the respective rights, obligations, and authority of the Parties thereunder (including, without limitation, under paragraphs 6, 7, and 8 of the First Stipulation), all of which terms and conditions are incorporated herein by reference and shall continue in full force and effect.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Stipulation.

3. Nothing shall, is intended to, or shall be deemed to amend, modify or otherwise alter the terms and conditions of the Receivership Order, a true and correct copy of which is attached hereto as **Exhibit A**.

4. Each person who executes this Second Stipulation on behalf of a Party represents and warrants that he or she is duly authorized and has requisite authority to execute and deliver this Second Stipulation on behalf of such Party and to bind his or her respective Party to the terms and conditions of this Second Stipulation.

5. All representations, warranties, inducements, and/or statements of intention made by the Parties that relate to this Second Stipulation are embodied in the Second Stipulation, and none of the Parties relied upon, will be bound by or will be liable for any alleged representation, warranty, inducement or statement of intention that is not expressly set forth in this Second Stipulation.

6. This Second Stipulation shall be binding upon all successors and assigns of all of the Parties hereto and any trustee appointed in the Bankruptcy Case.

7. This Second Stipulation constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

8. This Second Stipulation may be executed in counterparts, each of which shall be deemed an original and evidence of this Second Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

9. Any disputes regarding the terms of this Second Stipulation are subject to the jurisdiction of the Bankruptcy Court.

**IN WITNESS WHEREOF**, the undersigned have made and entered into this Second Stipulation as of the day and year stated below.

Dated: November 18, 2022

| | |
|---|---|
| Goldberg Weprin Finkel Goldstein, LLP<br>Attorneys for Broadbridge LA LLC | Duane Morris LLP<br>Attorneys for Museum Buildings Holdings, LLC |

By: */s/ Kevin J. Nash*
    Kevin J. Nash, Esq.
    1501 Broadway, 22nd Fl.
    New York, NY 10036
    (212) 221-5700
    kjnash@gwulaw.com

By: */s/ Lawrence J. Kotler*
    Lawrence J. Kotler, Esq.
    1540 Broadway, 14th Floor
    New York, NY 10036
    ljkotler@duanemorris.com

    Meagen E. Leary, Esq. (admitted *pro hac vice*)
    Marcus O. Colabianchi, Esq. (admitted *pro hac vice*)
    One Market Plaza
    Spear Street Tower, Suite 200
    San Francisco, CA 94105
    mleary@duanemorris.com
    mcolabianchi@duanemorris.com

Ervin Cohen & Jessup LLP
Attorneys for Kevin Singer

By: */s/ Blake C. Alsbrook*
    Blake C. Alsbrook, Esq.
    9401 Wilshire Boulevard, 9th Floor
    Beverly Hills, CA 90212
    balsbrook@ecjlaw.com

**IT IS SO ORDERED.**

Dated: _____, 2022    _____
    New York, NY                            THE HON. LOUIS A. SCARCELLA
                                           UNITED STATES BANKRUPTCY JUDGE