UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

Broadbridge LA LLC,

                             Debtor.
----------------------------------------------------------------X

Chapter 11

Case No.: 8-22-72048-las

## AGREED ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASE

Upon the *Motion to Dismiss Chapter 11 Case* (the "Motion")[1] and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the Administrative Order #264 entered by the U.S. District Court for the Eastern District of New York ("District Court") on August 28, 1986, *In re The Referral of Matters to the Bankruptcy Judges* (E.D.N.Y. Aug. 28, 1986), and the Order entered by the District Court on Dec. 5, 2012, *nunc pro tunc* to June 23, 2011, *In re The Referral of Matters to the Bankruptcy Judges* (E.D.N.Y. Dec. 5, 2012); and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided; and Debtor having elected to terminate the Contract of Sale with Capri Investor LLC or its designee ("Capri") for the sale of the Debtor's real property located at 801 South Broadway, Los Angeles, California because no deposit was received for that possible sale despite repeated assurances from Capri that the deposit would be forthcoming (and which never occurred);

---

[1] Capitalized terms used not but defined herein are to be given the same meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Pursuant to 105(a) and 1112(b) of the Bankruptcy Code, Debtor's Chapter 11 Case is hereby dismissed.

3. Based on the Debtor's agreement, Debtor is barred pursuant to sections 105(a) and 349(a) of the Bankruptcy Code for a period of 180 days from the entry of this Order, unless the Debtor obtains an Order of this Court approving the re-filing of a bankruptcy petition in advance thereof for good and substantial cause shown (the "Show Cause Order"). The entry of any Show Cause Order shall be subject to proper notice to all parties including the Secured Creditor, all other unsecured creditors and equity holders and the Office of the United States Trustee, an opportunity for all parties to brief whether the Show Cause Order should be granted and a hearing on the same. There shall be no automatic stay until at least: (i) the entry of the Show Cause Order, and (ii) Debtor actually files a new bankruptcy petition following the entry of the Show Cause Order.

4. Debtor waives its right to appeal the dismissal set forth in paragraphs 1 and 2 of this Order.

5. To the extent not already paid, Debtor shall pay the fees required to be paid to the United States Trustee pursuant to 28 U.S.C. § 1930 (a)(6).

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or enforcement of this Order.

Dated: December 5, 2022
Central Islip, New York

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**